# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: October 19, 2026

| | | |
|---|---|---|
| ASHLEY HUNSUCKER, Petitioner, | * | No. 18-821V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Nancy Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner
*Ryan Pyles*, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On June 11, 2018, Ashley Hunsucker ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Pet., ECF No. 1. She alleged that she developed small-fiber neuropathy ("SFN") as the result of an influenza ("flu") vaccine she received on October 5, 2015. *Id.* at 1. Respondent argued against compensation, asserting that Petitioner could not establish a causation-in-fact claim by a preponderance of the evidence. Resp't's Rept. at 8, ECF No. 25. On June 23, 2025, I issued a Ruling on Entitlement, finding that Petitioner is entitled to compensation. ECF No. 67.

On October 16, 2026, Respondent filed Respondent's Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer, ECF No. 93. Based on the record as a whole,

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I find the Proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the Proffer, attached as Appendix A, I award Petitioner:

(1) A lump sum payment of $423,730.22, representing compensation for future life care plan expenses for the first year following the entry of judgment ($32,060.89), past unreimbursed expenses ($1,669.33), pain and suffering ($250,000.00), and loss of earnings ($140,000.00), in the form of an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Ashley Hunsucker.

(2) An amount sufficient to purchase the annuity contract, subject to the conditions described in the Proffer at pages 1–4, that will provide payments for the life care items contained in the life care plan, paid to the life insurance company from which the annuity will be purchased. Compensation (beginning on the first anniversary of the date of judgment) shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Ashley Hunsucker, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the Proffer describe only the total yearly sum to be paid to Petitioner and do not require that the payment be made in one annual installment.

Proffer at 1–4.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ASHLEY HUNSUCKER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-821V<br>Special Master Herbrina D.S. Young<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 23, 2025, the Court issued a Ruling on Entitlement, finding petitioner entitled to compensation (ECF No. 67). In accordance with the Ruling on Entitlement, respondent now proffers that petitioner receive an award as follows:

**A. Life Care Items Beginning on the First Anniversary of Judgment.**

Respondent proffers an amount sufficient to purchase an annuity contract described below in this Section A of this Proffer, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").[1]

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies. Moreover, the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

(a) For insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,600.00 to be paid up until the anniversary of the date of judgment in the year 2041, and then beginning on the anniversary of the date of judgment in year 2041, an annual amount of $1,990.24 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment;

(b) For medical care, beginning on the first anniversary of the date of judgment, an annual amount of $400.00 to be paid up until the anniversary of the date of judgment in the year 2041, increasing at the rate of five percent (5%), compounded annually from the date of judgment;

(c) For ancillary services, beginning on the first anniversary of the date of judgment, an annual amount of $1,800.00 to be paid up until the anniversary of the date of judgment in the year 2041, increasing at the rate of four percent (4%), compounded annually from the date of judgment;

(d) For equipment expenses, beginning on the first anniversary of the date of judgment, an annual amount of $580.52 to be paid up until the anniversary of the date of judgment in the year 2031; and then beginning on the anniversary of the date of judgment in year 2031, an annual amount of $677.40 to be paid up until the anniversary of the date of judgment in the year 2032; and then beginning on the anniversary of the date of judgment in year 2032, an annual amount of $599.89 to be paid up until the anniversary of the date of judgment in the year 2036; and then beginning on the anniversary of the date of judgment in year 2036, an annual amount of $1,587.89 to be paid up until the anniversary of the date of judgment in the year 2037; and then beginning on the anniversary of the date of judgment in year 2037, an annual amount of $608.79 to be paid up until the anniversary of the date of judgment in the year 2041; and then beginning on the anniversary of the date of judgment in year 2041, an annual amount of $772.93 to be paid up until the anniversary of the date of judgment in the year 2046; and then beginning on the anniversary of the date of judgment in year 2046, an annual amount of $1,421.93 to be paid up until the anniversary of the date of judgment in the year 2047; and then beginning on the anniversary of the date of judgment in

---

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

year 2047, an annual amount of $837.83 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

(e) For medications, supplies and home modifications, beginning on the first anniversary of the date of judgment, an annual amount of $823.09 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment; and

(f) For home services, beginning on the first anniversary of the date of judgment, an annual amount of $20,803.40 to be paid up until the anniversary of the date of judgment in the year 2041, and then beginning on the anniversary of the date of judgment in year 2041, an annual amount of $30,995.40 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Proffer. The parties agree that upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

Petitioner authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

**B. Remaining Compensation for Damages Available under 42 U.S.C. § 300aa-15(a).**

In addition to the compensation proffered above in Section A of this Proffer, respondent proffers the following, representing all remaining compensation for damages available under 42 U.S.C. § 300aa-15(a):[2]

A lump sum payment of **$423,730.22** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Ashley Hunsucker.[3]

Petitioner is a competent adult. Proof of guardianship is not required in this case. Petitioner has reviewed the foregoing and agrees with the proffered award as stated above in Sections A and B of this Proffer.[4] These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future damages.

[3] This sum consists of $ 32,060.89 for future life care plan expenses for the first year following the entry of judgment; $1,669.33 for past unreimbursed expenses; $250,000.00 for actual pain and suffering; and $140,000.00 for loss of earnings.

[4] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Litigation Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

DATED: October 16, 2026

## CERTIFICATE OF SERVICE

I certify that today, October 16, 2026, a copy of the foregoing pleading will be served by electronic mail to Nancy R. Meyers at nmeyers@turningpointlit.com.

s/ Ryan D. Pyles